ROBERTSON, Justice.
The appellant, Mississippi State Highway Commission, filed its application in a special court of eminent domain in Covington County to condemn 6.13 acres of land owned by the appellee, Mrs. Virginia S. Lindsey, to be utilized as a part of the right-of-way of four-lane U.S. Highway 49, which traverses Covington County and in this case, the Town of Collins.
The defendant’s land is an irregularly shaped tract of 16.45 acres, about two-thirds of which is included in an old existing subdivision of the Town of Collins platted in 1904. New U.S. Highway 49 runs generally in a northwesterly and southeasterly direction through the middle of this 16.45 acre tract. There would be a parcel of 4.12 acres on the northeasterly side of the highway and a 6.20 acre tract on the southwesterly side of the highway. On the right-of-way thus acquired, there would be a cross-over in the median strip, one ramp on the northerly side, and three ramps on the southerly side constructed by the highway department to facilitate access from one portion of appellee’s property to the other. There would also be a frontage road on each side of the highway connecting with the respective ramps to provide access to and from the highway. This is an entirely new right-of-way for Highway 49; there has not been a highway or roadway of any kind in this location before.
Mrs. Lindsey does not now, and has never lived on this tract of land. The only *195 improvement on this land is a storage shed of sorts on the northeasterly portion which is not being nsed by the landowner, and which is not affected by this condemnation proceeding.
The northeasterly portion, 4.12 acres, has the same means of access to the Town of Collins that it has always had, which is a paved street on the northerly side and gravelled roads on the westerly and easterly sides. The gravelled road along the western side of the southwesterly portion, 6.20 acres, will be connected with a ramp and frontage road to be constructed by the highway department.
Although about two-thirds of the entire 16.45 acre tract was included in a subdivision platted about 62 years ago, no streets or roads of any kind have been constructed on -Mrs. Lindsey’s property, neither have any utilities been extended into her property. In fact, two platted streets that would enter from the north have been vacated by ordinances of the Town of Collins. The Collins cemetery is on the east side of this property. There is some residential development across the street from the narrow northerly side, but on the northwesterly portion, the westerly part and the southern part there is nothing but woods.
The land is high on the northern side, but falls toward the southwest, and the portion to be taken by the highway department is low and crossed in several places by drains. The fill on which the highway will be constructed will be about 9 feet above the southwesterly portion of Mrs. Lindsey’s property.
Not because of the highway, but because the defendant’s land was already very irregularly shaped, it will not be practical nor economically feasible to attempt to market the northern portion as residential lots until it has been resubdivided and replatted and the boundaries of the lots relocated.
At the time of the trial, this was raw undeveloped land being used only for growing timber, but even the amount of merchantable timber was negligible. The jury in the special eminent domain court brought in a verdict for $15,000. The highway department appealed and the circuit court jury returned a verdict for $20,000 damages to the landowner. ■ '
The testimony was in sharp conflict. The estimate of damages by the petitioner’s four witnesses ranged from $2,500 to $5,300, while the estimate of damages by the two witnesses for the defendant varied from $31,400 to $34,000.
The only error assigned is the excessiveness of the damages awarded appellee. We agree that the damages awarded by the circuit court jury are excessive.
This is not a case where the home of the landowner is being taken or the home property disturbed in any way. Mrs. Lindsey has never lived on this tract of land, although she and her late husband have owned it for about 20 years. No part of it has ever been developed as residential property, although it has been in a platted subdivision for 62 years. No streets have been laid out or graded, no utility lines have been extended into this property, so it is still raw undeveloped land after all these years.
There is some testimony that the 4.12 acre tract, which, is not affected by the location of this new highway, may eventually be developed as residential property, but there is a limit to the number of residential lots that can be sold and absorbed, so to speak, in the Town of Collins.
The jury in this Court’s opinion failed to take into consideration the tremendous costs of developing a subdivision and failed to consider the limited market for residential lots in the Town of Collins.
This Court feels that the verdict is so excessive as to evince bias, prejudice and passion on the part of the jury in favor of the defendant and against the highway department.
The writer of this opinion thinks that the remittitur hereafter ordered should be much *196 larger than it is, but the other judges feel that this remittitur is proper and, taking into consideration also that two juries have viewed this property and have passed upon the amount of damages to be awarded, the writer joins with the other judges in being of the opinion that the judgment should be reversed and the cause remanded for a new trial, unless the defendant within fifteen days will remit $5,000 of the $20,000 verdict. In the event the remittitur is made, then the judgment will be affirmed for $15,000; otherwise, the judgment is reversed and the cause remanded for a new trial.
Affirmed with remittitur; otherwise reversed and remanded.
ETHRIDGE, C. J., and BRADY, PATTERSON and INZER, JJ., concur.