ETHRIDGE, Chief Justice.
This is an appeal by the State Highway Commission, appellant, from a jury verdict and judgment of the Circuit Court of Cov-ington County, awarding damages of $30,-000 in eminent domain to Denvil D. Saulters and wife, appellees. The principal question is whether the verdict is so grossly excessive as to require either a reversal or an affirmance with remittitur. We hold it is.
For purposes of precedent, there would be no value in a detailed examination of the facts. In brief, Saulters owned in the City of Collins a tract of 27.11 acres, in the northwest corner of which was situated his residence and a barn. New Highway 49, a controlled-access facility, runs through the *506 westerly portion of this land. The right of way contains 8.76 acres, and involved the taking of all improvements on the property. After the taking, the landowners have left on the west side of the right of way 2.53 acres in a triangular shape, and on the cast, 15.82 acres. From each side the Commission will construct a ramp for access to the new highway, and on the east, an access road. Before the taking, a graveled street gave the landowner access to the city, and it is still available. The north and west portions of the land, upon which the home was situated, were relatively level or rolling, but much of the remainder was in hills and two acres in a creek bottom.
There is not much dispute about the value of the improvements taken, the estimates ranging from $6,000 to $7,500. The differences concern valuation of the land taken, and consequential and severance damages. Three appraisers for the Commission estimated them from $9,000 to $11,-800. The landowner and his appraiser computed damages at $40,100 and $44,575, respectively. Appellees offered no evidence of comparable sales of land similar and of like quality to that involved in this case. Mississippi State Highway Com. v. Rogers, 236 Miss. 800, 112 So.2d 250 (1959). Their witnesses failed to give any other acceptable reasons for their extremely high appraisals. Their evidence did not justify a finding that the highest and best use of the land, in terms of reasonable, proximate probability, was for a residential subdivision. Mississippi State Highway Commission v. Lindsey, 186 So.2d 194 (Miss.1966), involving nearby property, reflected only what this Court would accept as a permissible remittitur. The evidence in the instant case must stand on its own merits.
From a careful examination of the record, we are convinced that the verdict of $30,000 is so grossly excessive as to evince bias, passion and prejudice by the jury. The judgment of the circuit court is reversed, and the cause is remanded for a new trial, unless, within ten days after the judgment of this Court becomes final, appellees accept a remittitur of $10,000, thus reducing the aggregate judgment to-$20,000. In that event, the judgment willi be affirmed as so reduced.
Reversed and remanded, unless appellees-accept remittitur of $10,000.
RODGERS, JONES, BRADY and IN-ZER, TJ-, concur.